IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TALL CITY WELL SERVICE, LP, | § | CASE NO. 16-70079 |
| | § | (Chapter 11) |
| Debtor | § | |

---

PLAN OF REORGANIZATION PROPOSED BY DEBTOR

---

JESSE BLANCO
7406 GARDEN GROVE
SAN ANTONIO, TEXAS 78250
ATTORNEY FOR
DEBTOR & DEBTOR-IN-POSSESSION

NOVEMBER 7, 2016

TABLE OF CONTENTS

ARTICLE 1   Introduction. ................................................... 1

ARTICLE 2   Definitions. .................................................... 1

ARTICLE 3   Classification of Claims. ........................................ 3

ARTICLE 4   Provision for Payment of Administrative Expenses (Unclassed). ..... 4

ARTICLE 5   Provisions for Treatment of Secured Claim Held by
            Wells Fargo Bank/Wells Fargo Equipment Finance ................... 4

ARTICLE 6   Provisions for Treatment of Secured Claim Held by
            Siemens Financial Services. ...................................... 4

ARTICLE 7   Provisions for Treatment of Priority Unsecured Claim Held by IRS. . 5

ARTICLE 8   Provisions for Treatment of Priority Unsecured Claim Held by
            Taxing Authority. ................................................ 5

ARTICLE 9   Provisions for Treatment of Priority Unsecured Claims Held by
            State Agencies. .................................................. 5

ARTICLE 10  Provisions for Treatment of General Unsecured Claims. ............ 5

ARTICLE 11  Provisions for Treatment of General Unsecured Claims (Convenience). 6

ARTICLE 12  Provision for Treatment of Debtor. ............................... 7

ARTICLE 13  Cramdown of Plan. ................................................ 7

ARTICLE 14  Means for Execution of the Plan. ................................. 7

ARTICLE 15  Acceptance or Rejection of Plan: Effect of Rejection by
            One or More Classes of Claims. ................................... 7

ARTICLE 16  Identification of Claims Impaired and Not Impaired by the Plan. .. 8

ARTICLE 17  Executory Contracts and Unexpired Leases. ........................ 8

ARTICLE 18  Provisions Covering Distributions. ............................... 9

ARTICLE 19  Committees. ...................................................... 9

ARTICLE 20  Provision for Execution and Supervision of the Plan. . . . . . . . . . . . . . . . . . . . . . . . 9

ARTICLE 21  Provisions for Management. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARTICLE 22  Events of Default. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARTICLE 23  Additional Default Provisions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARTICLE 24  Miscellaneous Provisions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARTICLE 25  Payment of United States Trustee Quarterly Fees and
Submission of Statements of Disbursements. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## ARTICLE 1. INTRODUCTION

THIS PLAN OF REORGANIZATION (the "Plan") is proposed by Tall City Well Service, LP, (hereinafter referred to as "Debtor" unless otherwise specified), pursuant to Section 1121(a), title 11, United States Code, for the resolution of Debtor's outstanding creditor claims.

## ARTICLE 2. DEFINITIONS

As used in the Plan, the following terms shall have the respective meanings specified below:

2.1. Administration Claimant: Any person entitled to payment of an Administration Expense.

2.2. Administration Expense: Any cost or expense of administration of the chapter 11 case entitled to priority under Section 507(a)(1) and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, and actual and necessary expenses incurred post-petition by the Debtor-in-Possession, any indebtedness or obligations incurred by or assessed against the Debtor-in-Possession, or for the acquisition or lease of property or for providing of services to the Debtor-in-Possession, and allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against any of the Debtor's estates under Chapter 123, Title 28, United States Code.

2.3. Allowed Claim: Any claim against the Debtor, proof of which was filed on or before the last date designated by the Bankruptcy Court as the last date for filing proofs of claims, if no proof of claim is filed which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed or such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" shall not, for the purposes of computation or Distributions under the Plan, include post-petition interest on the amount of such Claim.

2.4. Allowed Priority Tax Claim: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

2.5. Allowed Secured Claim: A Secured Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

2.6. Allowed Unsecured Claim: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

2.7. Bankruptcy Code: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

2.8. Bankruptcy Court: The unit of the United States District Court for the Western District of Texas, Midland Division, having jurisdiction over the chapter 11 case, or in the event such court ceases to exercise jurisdiction over the chapter 11 case, such court or adjunct thereof that exercises jurisdiction over this chapter 11 case in lieu of the United States Bankruptcy Court for the Western District of Texas.

2.9. Bankruptcy Rules: The Rules of Bankruptcy Procedure as amended, as applicable to the chapter 11 case.

2.10. Cash: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

2.11. Chapter 11 Case: This cases under chapter 11 of the United States Bankruptcy Code in which Tall City Well Service, LP, is the Debtor-in-Possession.

2.12. Claim: Any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured.

2.13. Committee: Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

2.14. Confirmation Date: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

2.15. Confirmation Order: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

2.16. Creditor: Any person that has a Claim against the Debtor that arose on or before the Petition Date.

2.17. Debtor-in-Possession: Tall City Well Service, LP, as Debtor-in-Possession.

2.18. Debtor: Tall City Well Service, LP, the Debtor under this chapter 11 case.

2.19. Distributions: The property required by the Plan to be distributed to the holders of Allowed Claims.

2.20. Effective Date: The first day of the month following ten days after the Confirmation Date.

2.21. Final Order: An order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

2.22. Petition Date: May 17, 2016, the date the chapter 11 petition for relief was filed.

2.23. Plan: This Plan of Reorganization, either in its present form or as it may be altered, amended, or modified from time to time.

2.24. Priority Non-Tax Claim: Any claim other than Administrative Expense or a Priority Tax Claim to the extent entitled to priority and payment under Section 507(a) of the Bankruptcy Code.

2.25. Priority Tax Claim: Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

2.26. Schedules: Schedules and Statement of Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

2.27. Unsecured Creditor: Any Creditor that holds a Claim which is not a Secured Claim.

## ARTICLE 3. CLASSIFICATION OF CLAIMS

Claims are classified as follows:

3.1. Class 1 – Secured Claim held by Wells Fargo Bank/Wells Fargo Equipment Finance

3.2. Class 2 – Secured Claim held by Siemens Financial Services

3.3. Class 3 – Priority Unsecured Claim held by Taxing Authorities

3.4. Class 4 – Priority Unsecured Claim held by IRS

3.5. Class 5 – General Unsecured Claims

3.6. Class 6 – General Unsecured Claims (Convenience)

3.8. Class 7 – Debtor

ARTICLE 4. PROVISIONS FOR PAYMENT OF
ADMINISTRATION EXPENSES CLAIM
(UNCLASSED)

4.1. 100% Payment. On the Effective Date, each Allowed Administration Expense Claim shall be paid in full in Cash or upon such other terms as may be agreed upon by and between any Administration Claimant and the Debtor.

4.2. Bar Date for Fee Claim. The Confirmation Order shall provide a bar date for filing of claims by those entities asserting claims for compensation under Sections 330 and/or 503 of the Bankruptcy Code.

ARTICLE 5. PROVISIONS FOR TREATMENT
OF SECURED CLAIM HELD BY WELLS FARGO BANK/
WELLS FARGO EQUIPMENT FINANCE
AGAINST THE DEBTOR (CLASS 1)

5.1. Class 1 is comprised of the secured lien claim (the same amount also be asserted against a related Debtor and cross-collateralized) in the amount of $12,605,444.44 on several items of equipment owned by the Debtor but pledged as security to said creditors. The Debtor estimates the assets pledged to said creditors are worth $5,728,000. The claim will be paid by the Debtor in full as follows:

By agreement, the claims held by said creditors is being reduced to $9,500,000.00. The debtor will be responsible for 53.3% or $5,063,500.00 with the other 46.7% or $4,436,500.00 paid by the related Debtor. Beginning on the Effective Date, the Debtor will make regular monthly payments on said claim amortized over a period of fifteen years at 5.0% interest in the amount of

$40,042 per month. At the conclusion of 36 months, the remaining balance will be due and owing.

The holders of the Class 1 claims are impaired and therefore is eligible to vote on the Plan.

ARTICLE 6. PROVISIONS FOR TREATMENT
OF SECURED CLAIM HELD BY SIEMENS FINANCIAL SERVICES
AGAINST THE DEBTOR (CLASS 2)

6.1. Class 2 is comprised of the secured lien claim in the amount of $707,176.12 on workover equipment owned by an afiliated company cross collarealized with the Debtor. The claim will be paid by the affiliated company.

The holder of the Class 2 claim is impaired in the related case and therefore is eligible to vote on the Plan filed in that case.

### ARTICLE 7. PROVISIONS FOR TREATMENT
### OF PRIORITY UNSECURED CLAIM HELD BY IRS
### AGAINST THE DEBTOR (CLASS 3)

7.1. Class 3 is comprised of three county taxing authorities for ad valorem taxes in the total amount of $65,960.68. The claim will be paid by the Debtor in full as follows:

Beginning on the Effective Date, the Debtor will make regular monthly payments over a period of five years beginning on the date the petition for relief was filed at 12% interest in the amount of $1,164.00 per month.

The holder of the Class 3 claims are impaired and therefore is eligible to vote on the Plan.

### ARTICLE 8. PROVISIONS FOR TREATMENT OF
### PRIORITY UNSECURED CLAIM HELD BY IRS
### AGAINST THE DEBTOR (CLASS 4)

8.1. Class 4 is comprised of the priority unsecured lien claim in the amount of $130,256.40 held by the IRS. The claim will be paid by the Debtor in full as follows:

Beginning on the Effective Date, the Debtor will make regular monthly payments over a period of seven years at 3% interest in the amount of $1,856 per month.

The holder of the Class 4 claim is impaired and therefore is eligible to vote on the Plan.

### ARTICLE 9. PROVISIONS FOR TREATMENT OF
### UNSECURED CLAIMS AGAINST THE DEBTOR (CLASS 5)

9.1. Class 5 is comprised of the general unsecured claims held by 92 unsecured creditors for goods and or services provided to Debtor in amounts over $1,000.00 and which Debtor estimates total $1,481,879.60

Beginning on the Effective Date, the Debtor will make regular monthly pro rata payments over a period of seven years at 5.25% interest in the amount of $21,119 per month.

The holders of the Class 5 claims are impaired and therefore are eligible to vote on the Plan.

### ARTICLE 10. PROVISIONS FOR TREATMENT
### UNSECURED CLAIM HELD BY UNSECURED CREDITORS
### (CONVENIENCE) (CLASS 6)

10.1. Class 6 is comprised of 91 general unsecured claim for goods and or services provided to Debtor in amounts less than $1,000 which Debtor estimates total $27,260.09.

On the Effective Date, the Debtor will pay said claims in cash and in full.

The holders of the Class 6 claims are not impaired and therefore are not eligible to vote on the Plan.

### ARTICLE 12. PROVISIONS FOR TREATMENT
### OF INTEREST HOLDER (CLASS 5)

11.1. Class 7 consists of the owner of the Debtor, Joel G. Solis. Since the plan anticipates that all claims will be paid in full over a period of up to seven years, the Debtor is not proposing that he benefits from any discharge of any debt and will keep his interest in the company..

### ARTICLE 12. CRAMDOWN OF PLAN

12.1. In the event that one or more classes of impaired claims does not approve the Plan by the requisite vote, the Debtor shall seek confirmation of the Plan pursuant to the provisions of Section 1129(b) of the Bankruptcy Code.

### ARTICLE 13. MEANS FOR EXECUTION OF THE PLAN

13.1. Beginning on the Effective Date, the owner of the company shall continue to operate the Debtor company in the ordinary course of business and shall use the proceeds to fund the claims held against Debtor.

### ARTICLE 14. ACCEPTANCE OR REJECTION OF PLAN:
### EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

14.1. Impaired Classes to Vote. Each impaired class of Creditors with Claims against any of the Debtor's estate shall be entitled to vote separately to accept or reject the Plan.

14.2. Any member of a class that is proposed to receive nothing under the Plan is deemed to have rejected the Plan is not permitted to vote on the Plan.

14.3 Acceptance by Class of Creditors. A Class of Creditors shall have accepted the Plan if the Plan is accepted by at least 2/3 in amount and more than 1/2 in number of the Allowed Claims of such class that have accepted or rejected the Plan.

14.4. Cramdown. In the event that any impaired class of Creditors with Claims against any of the Debtor's estate fails to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Debtor shall request the Bankruptcy Court to confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

### ARTICLE 15. IDENTIFICATION OF CLAIMS NOT IMPAIRED OR IMPAIRED BY THE PLAN

15.1 Unimpaired Classes. All Classes are unimpaired under the Plan.

15.2 Impaired Classes to Vote on Plan. The Claims in all Classes are entitled to accept or reject the Plan.

15.3. A class of claims is impaired when a plan does not leave unaltered the legal, equitable, and contractual rights to a claim.

15.4 Controversy Concerning Impairment. In the event of a controversy as to whether any Creditors or class of Creditors are impaired under the Plan, the Bankruptcy Court shall, after notice and a hearing, determine such controversy.

### ARTICLE 16. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

16.1 Assumption of Executory Contracts Under the Primary Plan. In the event of the Confirmation of the Plan, any executory contracts or unexpired leases not rejected by the Debtor with the Bankruptcy Court prior to the Confirmation Date or which are not the subject of a motion to reject the same pending as of the Confirmation Date shall be deemed to have been assumed by the Debtor upon the Confirmation Date, in accordance with Section 365 of the Bankruptcy Code.

### ARTICLE 17. PROVISIONS COVERING DISTRIBUTIONS

17.1. Payments Made On The Effective Date. Payments to be made by the Debtor shall be made beginning on the Effective Date, or as may be ordered by the Bankruptcy Court.

17.2. Method of Payment. Payments to be made by the Debtor pursuant to the Plan shall be made from income from the operation of her trucking business with a check drawn on a domestic bank or by wire transfer from a domestic bank.

17.3. Payment to be Made by the Debtor. Distributions to be made to Creditors under the Plan shall be made by the Debtor.

## ARTICLE 18. COMMITTEES

18.1. Termination. On the Confirmation Date, all Committees then in existence, if any, shall terminate.

## ARTICLE 19. PROVISIONS FOR EXECUTION AND SUPERVISION OF THE PLAN

19.1. Retention of Jurisdiction. The Bankruptcy Court shall retain and have exclusive jurisdiction over the chapter 11 case for the following purposes:

   a. to determine any and all objections to the allowance of Claims;

   b. to determine any and all pending applications for the rejection or assumption of executory contracts or unexpired leases to which the Debtor is a party or with respect to which any may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

   c. to determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Confirmation Date, except as provided in the Confirmation Order;

   d. to consider any modifications of the Plan, any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

   e. to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan, to include disputes between classes of claimants under the Plan regarding allocations or payment of Distribution hereunder;

   f. to consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor's estate;

   g. to issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code; and

   h. to determine such other matters which may be set forth in the Confirmation Order or which may arise in connection with the Plan or the Confirmation Order, including, but not limited to, extending deadlines and time limits provided in the Plan.

19.2. Amendment of Plan. The Plan may be amended by the Debtor before or after the Confirmation Date as provided in Section 1127 of the Bankruptcy Code.

## ARTICLE 20. PROVISIONS FOR MANAGEMENT

20.1.  Debtor is a company wholly owned and managed by the owner.

## ARTICLE 21. EVENTS OF DEFAULT

21.1.  In the event that the Debtor defaults under the provisions of the Plan (as opposed to a default under documentation executed in implementing the terms of the Plan, which documents shall provide independent bases for relief), any creditor or party in interest desiring to assert such a default shall provide the Debtor with written notice of the alleged default. The Debtor shall have 30 days from receipt of the written notice in which to cure the default. Such notice shall be delivered by certified mail, return receipt requested to the attorney for the Debtor at the address stated on the final page hereof. If the default is not cured, any creditor or party in interest may thereafter file and serve upon attorney for the Debtor a motion to compel compliance with applicable provisions of the Plan. The Bankruptcy Court, upon finding a material default, shall issue such orders compelling compliance with the pertinent provisions of the Plan.

21.2  Alternatively, creditors may resort to applicable non bankruptcy law upon default and failure to cure by the Debtor.

## ARTICLE 22. ADDITIONAL DEFAULT PROVISIONS

22.1  A failure by the Debtor to make a payment to the IRS pursuant to the terms of the plan shall be an event of default; as to the IRS, there is an event of default if payment is not received by the 15th of each month; if there is a default as to the IRS, IRS must send written demand for payment to the Debtor and said payment must be received by the IRS within fifteen (15) days of the date of the demand letter; the Debtor can receive up to five (5) notice of default from the IRS, the fifth (5th) default cannot be cured and the IRS may accelerate its allowed claim(s), past and future, and declare the outstanding amount of such claim(s) to be immediately due and owing and pursue any and all available state and federal rights and remedies. These default provisions pertain to the entire claim(s) of the IRS, secured, unsecured priority and unsecured general.

22.2.  The IRS is bound by provisions of the confirmed plan and is barred under 11 U.S.C. § 1141 from taking any collection action against the Debtor for pre-petition claims during the duration of the plan (provided there is no default as to the IRS). The period of limitations of collection remains suspended under 26 U.S.C. § 6503(h) for tax periods being paid under the plan and terminates on the earlier of (1) all required payments to the IRS having been made; or (2) 30 days after the date of the demand letter (described above) for which the Debtor failed to cure the default.

## ARTICLE 23. MISCELLANEOUS PROVISIONS

23.1. Discharge of Debtor. All Claims, other than those in Class 9, are proposed to be paid in full thus the Debtor does not anticipate to need a discharge under this Plan

23.2. Title to Assets; Discharge of Liabilities. Except as otherwise provided by the Plan, on the Confirmation Date, title to all assets and properties dealt with by the Plan shall vest in the Debtor, as the case may be, in accordance with Section 1141 of the Bankruptcy Code, free and clear of all Claims other than those noted.

23.3. Section Headings. The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

23.4. Quarterly Reports. The Debtor proposes to provide a quarterly report to all unsecured creditors, and any other party requesting said report; the debts paid to the holders of any secured claims on the property sold during that period; and the distributions made to the unsecured creditors.

## ARTICLE 24. PAYMENT OF UNITED STATES TRUSTEE QUARTERLY FEES AND SUBMISSION OF STATEMENTS OF DISBURSEMENTS

24.1 The Debtor shall timely pay on the Effective Date all pre-confirmation quarterly fees owed to the United States Trustee. The Reorganized Debtor also shall timely pay post-confirmation quarterly fees assesses pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing these chapter 11 cases, or enters an order either converting these cases to cases under chapter 7 or dismissing the cases. After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all disbursements for each quarter, or portion thereof, that these chapter 11 cases remain open in a format prescribed by the United States Trustee.

Tall City Well Service, LP

/s/ *Joel G. Solis*

_____
BY: Joel G. Solis, Partner

/s/*Jesse Blanco*

_____
Jesse Blanco
7406 Garden Grove
San Antonio, Texas 78250
713.370.3732 Telephone
210.509.6903 Facsimile

[lawyerjblanco@gmail.com](mailto:lawyerjblanco@gmail.com)
Attorney for Debtor